# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE T. MUNOZ,<br><br>      Plaintiff,<br>vs.<br><br>SUSAN L. HUBBARD, WARDEN,<br><br>      Defendant. | CASE NO. 11-CV-2321-H-WMC<br><br>**ORDER DENYING PETITIONER'S MOTION TO STAY AND ADOPTING THE REPORT AND RECOMMENDATION**<br><br>[Doc. No. 13.] |

On October 6, 2011, Petitioner George T. Munoz ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 6, 2011, Petitioner also filed a request for stay and abeyance of his federal petition. Respondent Susan L. Hubbard ("Respondent") filed an opposition to Petitioner's motion to stay and abey on November 14, 2011. (Doc. No. 7.) On December 5, 2011, the magistrate judge issued a report and recommendation to deny Petitioner's motion to stay. (Doc. No. 13.) Petitioner did not file an objection to the report and recommendation. For the foregoing reasons, the Court denies Petitioner's motion to stay.

## **Background**

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on February 7, 2011, asserting various claims including ineffective assistance of counsel for

1  counsel's failure to call specific witnesses, for counsel's entering into a stipulation regarding
2  a prior conviction, and for counsel's failure to complete DNA testing. (Doc. No. 7-2.) On
3  July 18, 2011, the California Supreme Court, en banc, denied Petitioner's writ of habeas
4  corpus. (Doc. No. 7-3.) On August 16, 2011, Petitioner filed another petition for writ of
5  habeas corpus in the San Diego County Superior Court, asserting various claims including
6  ineffective assistance of counsel for failure to conduct proper DNA testing of the evidence.
7  (Doc. No. 7-4.)

## Discussion

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that "a stay and abeyance 'should be available only in limited circumstances.'" According to Rhines, a federal court must stay a petition consisting of exhausted and unexhausted claims "to allow petitioner to present an unexhausted claim to a state court for review." Id. at 655. Staying a proceeding is appropriate only when the district court determines that there was 'good cause' for the petitioner's failure to exhaust.'" Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (quoting Rhines, 544 U.S. at 277).   To properly exhaust state judicial remedies and to fairly present each of his claims in state court, a petitioner must describe, in his state court pleadings, both "the operative facts and the federal legal theory on which his claim is based." Anderson v. Harless, 459 U.S. 4, 6 (1982). Petitioner must "present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971). Exhaustion of state remedies only occurs when "the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." Id. Exhaustion is satisfied by filing a petition for review before the California Supreme Court. Roman v. Estelle, 917 F.2d 1505, 1506 (9th Cir. 1990).

1    In his motion to stay, Petitioner states that he is waiting for a ruling by the San Diego Superior Court on an effective assistance of counsel claim regarding DNA testing of physical evidence, which was filed August 16, 2011. (Doc. No. 4.) In response, Respondent argues that Petitioner has already exhausted his DNA evidence claim by previously raising it in the California Supreme Court. (Doc. No. 7.) Notwithstanding Petitioner's other claims for relief, the Petition before this Court alleges ineffective assistance of counsel by stating, "[Trial] [c]ounsel was deficient in conducting a proper investigation by failing to have the weapon tested for DNA." (Doc. No. 1.) Likewise, in his petition to the California Supreme Court, filed February 7, 2011, Petitioner alleged ineffective assistance of counsel because of counsel's failure to conduct DNA testing on the weapon used in the crime. (Doc. No. 8-1.) Because the Supreme Court summarily denied Petitioner's February 7, 2011 claim on July 13, 2011, it appears to the Court that Petitioner has exhausted his available state remedies.

Because the stay and abeyance procedure requested by Petitioner is reserved for petitions that contain exhausted and unexhausted claims, such a procedure is unwarranted in this case. Petitioner has already exhausted his Petition's claims in state court. Therefore, the Court DENIES Petitioner's motion to stay.

**IT IS SO ORDERED.**

DATED: January 10, 2012

*(signature)*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT