UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE T. MUNOZ,<br><br>                     Petitioner,<br>  vs.<br><br>SUSAN L. HUBBARD, Warden,<br><br>                     Respondent. | CASE NO. 11-cv-2321-H (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Marilyn L. Huff, pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

**I.**

**INTRODUCTION**

George T. Munoz (hereinafter "Petitioner" or "Munoz"), a state inmate who proceeds *pro se*, filed a Petition for Writ of Habeas Corpus. [Doc. No. 1.] Susan L. Hubbard, Warden, California State Prison - Corcoran, California, (hereinafter "Respondent"), filed a Motion to Dismiss the Petition for Writ of Habeas Corpus as untimely filed under 28 U.S.C. §2244(d)(1)(D). [Doc. No. 11.] Petitioner did not submit an Opposition to Defendant's Motion to Dismiss.

Based upon the documents presently before the Court and for the reasons stated below, the Court **RECOMMENDS** that: (1) Respondent's Motion to Dismiss be **GRANTED** and (2) the Petition be **DISMISSED** with prejudice.

## II.

## **PROCEDURAL HISTORY**

On March 29, 2006, a San Diego County jury found Munoz guilty on multiple counts: four counts of oral copulation by acting in concert (Cal. Penal Code § 288a(d)); three counts of assault with a weapon (Cal. Penal Code § 245(a)(3); one count of residential burglary (Cal. Penal Code §459); two counts of robbery (Cal. Penal Code § 211); one count of taking a vehicle (Cal. Vehicle Code § 10851(a)); one count of possessing a firearm as a felon (Cal. Penal Code § 12021(a)(1)); and three counts of receiving stolen property (Cal. Penal Code § 496(a)). [Doc. No. 11 at 1-2.] The jury found Munoz utilized a firearm to bind his multiple copulation victims during a burglary (Cal. Penal Code §§ 667.61(b),(c),(e), 12022.3(a), 12022.5(a)(1), 12022.53(b)). [Doc. No. 11 at 2.] The jury further found Munoz armed himself with, and personally used, a firearm during the other counts (Cal. Penal Code §§ 12022.5(a)(1), 12022.53(b)). [Doc. No. 11 at 2.] Munoz admitted that he accumulated three strikes, two serious felonies, and one prior prison term (Cal. Penal Code §§ 667(b)-(i), 11701.12, 667(a)(1), 667.5(b)). [Doc. No. 11 at 2.] The court sentenced Munoz to 479 years to life in prison on March 2, 2007. [Doc. No. 11 at 2.]

On November 29, 2007, Munoz appealed to the California Court of Appeal, Fourth Appellate District, Division One. (Lodgments 2-5.) (Case No. D050426.) On June 10, 2008, the appellate court affirmed, but modified the sentence to strike the prior prison term enhancement. (Lodgment No. 7.) Then, on July 11, 2008, Munoz appealed to the California Supreme Court. (Lodgment No. 8.) (Case No. S165100.) The court denied review without comment on September 10, 2008. (Lodgment No. 9.) Munoz's conviction became final ninety days later on December 9, 2008.[1]

On October 14, 2009, Munoz then filed his first writ of habeas corpus in the San Diego County Superior Court. (Lodgment No. 10.) (Case No. HC19762.) On December 21, 2009, the court denied the petition. (Lodgment No. 11.)

On March 25, 2010, Munoz filed his second writ of habeas corpus in the San Diego County Superior Court. (Lodgment No. 12.) (Case No. HC19762.) On June 4, 2010, the court denied the

---

[1] *Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001).

petition, but appointed counsel to determine whether Munoz should file a motion to test for DNA evidence. (Lodgment No. 13.) However, appointed counsel filed notice to abandon the DNA test. (Lodgment No. 14.)

On July 16, 2010, Munoz then filed a writ of habeas corpus at the California Court of Appeal, Fourth Appellate District, Division One. (Lodgment No. 15.) (Case No. D057782.) On August 12, 2010, the court denied the petition. (Lodgment No. 16.) On January 16, 2011, Munoz reached the California Supreme Court. (Lodgment No. 17.) (Case No. S190487.) On July 13, 2011 the state supreme court denied the habeas corpus petition without comment. (Lodgment No. 18.)

On August 10, 2011, Munoz filed his third state habeas corpus petition in San Diego County Superior Court. (Lodgment No. 19.) (Case No. HC19762.) Though the third state petition remains undecided, on September 24, 2011,[2] Munoz filed a federal habeas corpus petition in the United States District Court, Southern District of California. [Doc. No. 1.] On November 11, 2011, Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus as untimely filed. [Doc. No. 11.] Munoz did not file a response to the Motion to Dismiss.

## III.

## CHRONOLOGY

The following table presents a summary of the dates relevant to the statute of limitations:

| Date | Event |
|---|---|
| March 29, 2006 | San Diego Superior court jury finds Munoz guilty. |
| March 2, 2007 | San Diego Superior Court sentences Munoz to 479 years to life in prison. |
| November 29, 2007 | Munoz files direct appeal to appellate court. |
| June 10, 2008 | Appellate Court affirms, but modifies Munoz's sentence. |
| July 11, 2008 | Munoz files direct appeal to California Supreme Court. |

---

[2] Although the District Court did not file the petition until October 6, 2011, Munoz signed the petition September 24, 2011. [Doc. 1 at 17.] Under the "mailbox rule," the filing date is when the pro se prisoner delivers a habeas petition to the prison authorities to forward to the clerk of the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Thus, the filing date is September 24, 2011 because this is the date Munoz delivered the habeas petition to the prison authorities to forward to the clerk of the court. [Doc. 1 at 17.]

| | |
|---|---|
| September 10, 2008 | California Supreme Court denies appeal without comment. |
| December 9, 2008 | Munoz's conviction becomes final. |
| October 14, 2009 | Munoz files first habeas petition at San Diego Superior Court. |
| December 21, 2009 | San Diego Superior Court denies first state habeas petition. |
| March 25, 2010 | Munoz files second habeas petition at San Diego Superior Court. |
| June 4, 2010 | San Diego Superior Court denies second state habeas petition. |
| July 16, 2010 | Munoz files habeas petition at appeals court. |
| August 12, 2010 | Appeals court denies Munoz's habeas petition. |
| January 16, 2011 | Munoz files habeas petition at California Supreme Court. |
| July 13, 2011 | California Supreme Court denies Munoz's habeas petition. |
| August 10, 2011 | Munoz files third state habeas petition in San Diego County Superior Court. |
| September 24, 2011 | Munoz files federal habeas petition in Southern District of California. |
| November 11, 2011 | Respondent files Motion to Dismiss as Untimely. |

## IV.

## SUMMARY OF CLAIMS

Respondent argues the Court should bar Munoz's Petition for Writ of Habeas Corpus because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) ("AEDPA"). [Doc. No. 11.] Respondent specifically contends that under AEDPA Munoz spent 309 days of his 365 days between the end of direct review and the filing of his first state habeas corpus petition; then spent another 94 days between his first and second collateral reviews; 198 days[3] between appellate review and California Supreme Court review; and finally another 28 days between Munoz's second and third state habeas corpus petitions. Thus, Respondent argues that the Court should dismiss Munoz's federal petition as untimely because it is 320 days late.

///

///

///

---

[3]Respondent's calculation is erroneous. The time between August 12, 2010 (Lodgment No. 16) and January 16, 2011 (Lodgment No. 17) totals 157 days.

///

## V.

## **STANDARD OF REVIEW**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, created a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. Congress created a statute of limitations through 28 U.S.C. §2244(d) as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
    (A) *the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review* (emphasis added);
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**A.  Statutory Tolling**

Under AEDPA, Congress recognized two types of state-prisoner appeals: "direct review" of the original state-court conviction; and subsequent "collateral review" through state courts. *See* 28 U.S.C. §2244(d); *Summers v. Shriro*, 481 F.3d 710, 712 (9th Cir. 2007). Once direct review ends, a state prisoner receives 365 days to spend on collateral review (i.e. habeas corpus petitions) of a state court conviction. 28 U.S.C. §2244(d). However, state prisoners may toll the one-year limit during "pending," "properly filed" habeas corpus petitions. 28 U.S.C. §2244(d)(2); *see Pace v. DiGuglielmo*, 544 U.S. 408 (2005). In other words, statutory tolling may apply once direct view ends *and* the state prisoner properly files a habeas corpus petition[4]. *See Wixom v. Washington,* 264

---

[4] The Court does not address "properly filed" issues because the Court assumes without deciding that Munoz properly filed all habeas corpus petitions.

F.3d 894, 897 (9th Cir. 2001); *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999).

However, the time between direct-review finality and the filing of a state prisoner's first state habeas corpus appeal is <u>not</u> subject to tolling. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999). Direct review ends when the state prisoner fails to timely file an appeal of the original state-court conviction. *Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001). If the state prisoner seeks direct review by the California Supreme Court, then the state prisoner receives ninety days to file a writ of certiorari at the Supreme Court of the United States. Sup. Ct. R. 13; *Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir 1999). On the ninety-first day, direct review becomes final and the AEDPA collateral-review period begins. *Wixom v. Washington,* 264 F.3d 894, 897 (9th Cir. 2001); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir 1999). In other words, the one-year AEDPA statute of limitations begins to run once the direct-review period ends (i.e. 91 days after California Supreme Court denial of habeas petition). *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999).

If the state prisoner files a proper collateral review (e.g. habeas corpus petition), then the AEDPA statute of limitations is tolled during pending petitions. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999). Thus, intervals between "new rounds" of state collateral review do not constitute pending intervals. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9 th Cir. 2003), *citing Carey v. Saffold*, 536 U.S. 214 (2002). The Ninth Circuit has held that a prisoner only receives tolling for "full rounds" in which the prisoner is "moving up" through the state appellate courts. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003); *Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002). In addition, a second overlapping habeas petition at the same California court triggers a separate round of review. *Delhomme v. Ramirez*, 340 F.3d 817, 820–21 (9th Cir. 2003). In other words, a state prisoner will not receive tolling for the period between two new rounds. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).

Similar to prisoners who do not receive tolling for new rounds, state prisoners usually do not receive tolling for gaps between successive state habeas petitions filed in the same court because the petitions are not pending. *See Dils v. Small*, 260 F.3d 984, 986 (9th Cir. 2001). However, successive state court petitions may be tolled when the second petition: (1) seeks to

1  correct deficiencies in the first petition, and thus does not constitute a new round; (2) does not
2  include an untimeliness ruling by the court; (3) and is timely filed. *Hammerle v. Shrirer*, 495 F.3d
3  1069, 1075-76 (9th Cir. 2007); *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003). For example, a
4  state prisoner cannot claim to correct a deficiency in his first petition, and thus receive tolling
5  between successive petitions, when the second petition is dismissed because the prisoner's
6  evidence "'could have been and should have been discovered and produced' earlier." *Banjo v.*
7  *Ayers*, 614 F.3d 964, 970-71 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3023 (2011).

8       Even if the state prisoner does not file new-round or successive petitions, he can only
9  receive tolling for "reasonable" intervals between state court habeas petitions. *See Evans v.*
10 *Chavis*, 546 U.S. 189 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002). To decide what constitutes
11 reasonable intervals, federal courts must look to California's "unusual" independent collateral
12 review system. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3023
13 (2011). State prisoners must file original habeas corpus petitions at every court, even appeals
14 courts. *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir.
15 2010), *cert. denied*, 131 S. Ct. 3023 (2011); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008).
16 Yet, a state prisoner may still toll time between original petitions if the state prisoner timely files
17 each original petition[5]. *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Banjo v. Ayers*, 614 F.3d
18 964, 968 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3023 (2011); *Waldrip v. Hall*, 548 F.3d 729, 734
19 (9th Cir. 2008). Thus, state prisoners must file ascending and deficiency-correcting state habeas
20 petitions within reasonable times.

21      Furthermore, the Supreme Court delegates reasonable interval definitions to the states.
22 *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002). Yet,
23 California does not define reasonable intervals. *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006);
24 *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008). Instead, federal courts must look to the United
25 States Supreme Court, Ninth Circuit Court of Appeals, California federal district courts and
26 California courts for guidance. *See Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Waldrip v.*

---

[5] The United States Supreme Court recognizes that California's "original petition" rule constitutes a distinction without a difference. *Evans v. Chavis*, 546 U.S. 189, 193 (2006); *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002).

*Hall*, 548 F.3d 729, 734 (9th Cir. 2008). Therefore, the Supreme Court and Ninth Circuit have both held that unjustified six-month delays constitute unreasonable delay because most states only allow 30 to 60 days in which to file an appeal. *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). California federal district courts have held 71-day, 83-day, 85-day, and 97-day delays unreasonable. *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140 (C.D. Cal 2006) (97-day and 71-day delays held unreasonable); *Smith v. Small*, 2011 WL 5513230, *3 (S.D. Cal 2011) (85-day delay held unreasonable); *Baptista v. Clark*, 2010 WL 3893090, *4 (N.D. Cal. Sept. 30, 2010) (83-day delay held unreasonable). California also requires prisoners to file a notice of appeal from a superior court judgment within 60 days. Cal. R. Ct. 30.1(a). Thus, at a minimum, if a state prisoner does not justify a delay beyond 71 days, statutory tolling does not apply.

Finally, the state prisoner must prove entitlement to tolled periods. *Smith v. Duncan*, 297 F.3d 809, 814–15 (9th Cir. 2002). In response, the state must still affirmatively argue that the state prisoner failed to set forth facts that justify tolling; the state cannot simply note the absence of such facts. *Smith v. Duncan*, 297 F.3d 809, 814–15 (9th Cir. 2002).

**B.     Equitable Tolling**

The AEDPA one-year limitation period may be tolled when "extraordinary circumstances beyond a prisoner's control" cause the state prisoner delay. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). Generally, the state prisoner must prove two points: first, the state prisoner diligently pursued his rights; and second, the state prisoner confronted an extraordinary circumstance. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The state prisoner bears the burden of proving an extraordinary circumstance, rather than the prisoner's delay, caused him to untimely file. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003). Thus, in most cases, equitable tolling is unavailable because prisoners must overcome a high threshold. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

///

///

## VI.

## DISCUSSION

**A.     Munoz's Petition is Untimely**

Munoz was convicted on March 29, 2006. (Lodgment No. 1; 3 CT 487.) Munoz appealed the conviction, which was affirmed by the appellate court on June 10, 2008. (Lodgment Nos. 2 & 7.) Review was denied by the California Supreme Court on September 10, 2008. (Lodgment No. 9.) Munoz's conviction thus became final ninety days later on December 9, 2008. Sup. Ct. R. 13.1; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Absent any statutory or equitable tolling, Munoz had until December 9, 2009 to file his first federal habeas petition. 28 U.S.C. § 2244(d).

As explained above, the AEDPA statute of limitations began to run on December 10, 2008, once Petitioner's state court judgment became final. The one-year statute of limitations proscribed by the AEDPA is, however, subject to statutory tolling. The limitations period is subject to statutory tolling for periods of time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled, however, during the interval between the date on which a judgment becomes final and the date on which a petitioner files his first state collateral challenge. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, Petitioner filed his first habeas petition with the San Diego County Superior Court on October 14, 2009. (Lodgment No. 1 10.) Accordingly, the statute ran for 309 days (from December 10, 2008 up to and through October 14, 2009) before it began to toll, leaving a remainder of 56 days.

The statute was tolled through December 21, 2009, the date on which the superior court denied Petitioner's first state habeas petition. (Lodgment No. 10.) Accordingly, on December 22, 2009, the statute of limitations began to run again. Absent further statutory and/or equitable tolling, the last day on which Petitioner could file his first federal habeas petition was February 15, 2010 (56 days after December 21, 2009).

1       On March 25, 2010, Petitioner filed a second habeas petition with the San Diego County
2  Superior Court. (Lodgment No. 12.) Petitioner is not entitled to statutory tolling for the filing of
3  this successive petition because it was filed after February 15, 2010, the date the AEDPA statute of
4  limitations period expired. Accordingly, the second action could not serve to toll the AEDPA
5  statute of limitations because it had not yet been filed and therefore was not pending when the
6  statute of limitations period expired. 28 U.S.C. § 2244(d)(2); *See Dils v. Small*, 260 F.3d 984, 986
7  (9th Cir. 2001) (no tolling between successive state habeas petitions filed in same court).

8       Even, assuming arguendo, the time period between the denial of the Petitioner's first state
9  petition and the filing of his second state petition was tolled, Petitioner still waited 157 days
10 between the denial of his second state petition at the California appellate court and the filing of his
11 petition to the California Supreme Court. Specifically, the California Court of Appeals-Fourth
12 District denied Petitioner's habeas action on August 12, 2010. (Lodgment No. 16**.)** Petitioner did
13 not file his California Supreme Court habeas corpus petition until January 16, 2011, or 157 days
14 later. (Lodgment No. 17.) This 157-day delay stretches far past the 71-day, 83-day, 85-day, and
15 97-day delays held unreasonable in California federal district courts; the 30-60 days usually
16 granted petitioners in other states; and even approaches the 6-month (approximately 183-days)
17 period the United States Supreme Court recognized as clearly unreasonable. *See Evans v. Chavis*,
18 546 U.S. 189, 192-93 (2006) (six month delay clearly unreasonable because most states only allow
19 30-60 days to file petitions); *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140 (C.D. Cal 2006)
20 (97-day and 71-day delays held unreasonable); *Smith v. Small*, 2011 WL 5513230, *3 (S.D. Cal
21 2011) (85-day delay held unreasonable); *Baptista v. Clark*, 2010 WL 3893090, *4 (N.D. Cal. Sept.
22 30, 2010) (83-day delay held unreasonable); Cal. R. Ct. 30.1(a) (prisoners must file a notice of
23 appeal from a superior court judgment within 60 days). Thus, Petitioner does not receive tolling
24 for this 157-day delay, which stretches well beyond the 56 days he had left above under AEDPA.

25 **C.    Equitable Tolling**

26      "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing
27 his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented
28 timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), quoting *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner bears the burden to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner filed no opposition to Respondent's motion to dismiss and has not requested equitable tolling, nor set forth facts indicating the applicability of equitable tolling to his case. Accordingly, **IT IS RECOMMENDED** the Court find Petitioner has not met his burden of demonstrating extraordinary circumstances which prevented him from timely filing a federal habeas petition.

## VII.

## CONCLUSION AND RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order to: (1) approve and adopt this Report and Recommendation; (2) **GRANT** Respondent's Motion to Dismiss as set forth herein; and (3) direct that judgment be entered dismissing the Petition for failure to file within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

**IT IS ORDERED** that no later than **February 29, 2012** any party to this action may file written objections with the Court and serve a copy on all parties. The parties should caption the document "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 14, 2012** The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

DATED: February 8, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court