UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE T. MUNOZ,<br><br>　　　　　　　　　　Petitioner,<br>　　vs.<br><br>SUSAN L. HUBBARD, Warden<br><br>　　　　　　　　　　Respondent. | CASE NO. 11-CV-2321-H<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND ADOPTING REPORT AND RECOMMENDATION** |

On October 6, 2011, Petitioner George T. Munoz ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 17, 2011, Respondent moved to dismiss the petition for writ of habeas corpus, arguing that it is barred by the statute of limitations set forth in AEDPA, 28 U.S.C. § 2244(d). (Doc. No. 11.) On February 8, 2012, the magistrate judge issued a report and recommendation to grant Respondent's motion to dismiss the petition for writ of habeas corpus. (Doc. No. 16.) On April 18, 2012, Petitioner filed an objection to the report an recommendation. (Doc. No. 23.) For the following reasons, the Court adopts the report and recommendation of the magistrate judge and grants Respondent's motion to dismiss.

## Background

On March 29, 2006, a San Diego jury found Petitioner guilty on the following counts: (1) four counts of oral copulation by acting in concert in violation of California Penal Code section 288a(d); (2) three counts of assault with a weapon in violation of California Penal Code

section 245(a)(3); (3) one count of residential burglary in violation of California Penal Code section 459; (4) two counts of robbery in violation of California Penal Code section 211; (5) one count of taking a vehicle in violation of California Vehicle Code section 10851(a); (6) one count of possessing a firearm as a felon in violation of California Penal Code section 12021(a); and (7) three counts of receiving stolen property in violation of California Penal Code section 496(a). (Doc. No. 11 at 1-2.) In connection with the four counts of copulation, the jury found that there were multiple victims and that Petitioner used a firearm, bound the victims, and burglarized the victims' home. (Id. at 2.)  The jury further found that Petitioner was armed with or used a firearm in connection with the other counts. (Id.)  The trial court sentenced Petitioner. (Id.)

On November 29, 2007, Petitioner appealed to the California Court of Appeal, Fourth Appellate District, Division One.  (Lodgment Nos. 2-5.) On June 10, 2008, the California Court of Appeal, in a well-reasoned order, affirmed Petitioner's convictions but modified the sentence to strike the prior prison term enhancement. (Lodgment No. 7.) On July 11, 2008, Petitioner appealed his convictions to the California Supreme Court. (Lodgment No. 8.) On September 10, 2008, the California Supreme Court declined to review the Court of Appeal's decision. (Lodgment No. 9.) Petitioner did not seek review in the U.S. Supreme Court, and the conviction became final on December 9, 2008.

On October 14, 2009, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court; the court denied the petition on December 21, 2009. (Lodgment Nos. 10-11.) On March 25, 2010, Petitioner again filed a writ of habeas corpus petition in the San Diego County Superior Court; the court, in a well-reasoned order, denied the petition on June 4, 2010, but the court appointed counsel concerning post-conviction DNA testing. (Lodgment Nos. 12-13.)  After review, Petitioner's appointed counsel withdrew the DNA testing request for reasons set forth in the court filing. (Lodgment No. 14.) On July 16, 2010, Petitioner sought a writ of habeas corpus from the California Court of Appeal, Fourth Appellate District, Division One; the court, in a well-reasoned opinion, denied the petition on August 12, 2010. (Lodgment Nos. 15-16.) On January 16, 2011, Petitioner sought habeas

relief in the California Supreme Court; the court denied the petition without comment on July 13, 2011. (Lodgment Nos. 17-18.) On August 10, 2011, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court; the state court has not yet ruled on this fifth petition.

On September 24, 2011—although the state court petition remained pending—Petitioner filed a petition for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner seeks federal habeas relief on evidence preservation and ineffective assistance of counsel claims. (Doc. No. 1.)

### Discussion

**I.   Scope of Review**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id. A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000).

**II.  AEDPA Statute of Limitations**

The one-year statute of limitations in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, bars Petitioner's petition for writ of habeas corpus because even after the statute's tolling provisions apply, the petition is late, and Petitioner is not entitled to equitable tolling.

**A.   Timeliness of Petition**

On September 24, 2011, Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 17, 2011, Respondent moved to dismiss Petitioner's federal habeas corpus petition as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). (Doc. No. 11.) Respondent contends that the applicable limitations period expired over three hundred days prior to Petitioner's filing of his federal habeas petition. (Id.

at 6.) Respondent also contends that Petitioner is not entitled to equitable tolling. (Id. at 11-13.) Petitioner did not oppose Respondent's motion.

Under AEDPA, a one-year statute of limitations applies to state prisoners' federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Subsections (B), (C), and (D) of 28 U.S.C. § 2244(d)(1) do not apply to Petitioner's claim for habeas relief. Subsection (B) of 28 U.S.C. § 2244(d)(1) does not apply because Petitioner does not allege that state action impeded his ability to file a habeas petition in this Court. (See Doc. No. 1.) Petitioner also does not contend that the rights he is asserting are newly recognized by the Supreme Court under 28 U.S.C. § 2244(d)(1)(C). (Id.) Further, Petitioner does not contend that the facts underlying his claims came to light after his conviction became final under 28 U.S.C. § 2244(d)(1)(D). (Id.) On the contrary, Petitioner contends "that some facts existed that were not presented at the trial on the merits." (Doc. No. 1 at 15.) Because the facts underlying this petition existed, and the facts could have been presented at the time of trial, subsection (D) does not apply. Accordingly, subsections (B), (C), and (D) do not govern Petitioner's habeas claims.

Subsection (A), nevertheless, does apply to Petitioner's claim for habeas relief. Under subsection 2244(d)(1)(A), the one-year limitations period begins to run on the date the habeas petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). A case is "final" when "'a judgment of conviction has been rendered, the availability of appeal [is] exhausted, and the

time for a petition for certiorari [has] elapsed or a petition for certiorari [has been] finally denied.'" United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)).  If a petitioner does not file a petition for writ of certiorari in the U.S. Supreme Court following direct review in the state supreme court, the conviction becomes final ninety days after the state supreme court files its opinion.  Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, the California Supreme Court denied review of Petitioner's conviction on September 10, 2008.  (Lodgment 9.)  Petitioner did not seek review in the U.S. Supreme Court.  Therefore, his conviction became final after the ninety day period during which Petitioner could have sought such review—December 9, 2008.  See Wixom, 264 F.3d at 897.  The AEDPA statute of limitations period therefore commenced on December 10, 2008, and expired one year later on December 10, 2009.  Petitioner, however, delayed filing his federal petition until September 24, 2011, more than seventeen months after the limitations period expired.  (See Doc. No. 1.)  Consequently, absent tolling, the statute of limitations bars the petition.

**B.     Statutory Tolling**

Even though Petitioner's petition is entitled to statutory tolling, the petition is still untimely.  AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2); Malcolm v. Payne, 281 F.3d 951, 956 (9th Cir. 2002).  The statute of limitations is not tolled, however, from the time a final decision is issued on direct state appeal to the time the first state collateral challenge is filed.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Further, the limitations period is not tolled during the time between when one petition is finally reviewed and a new petition is filed.  See 28 U.S.C. § 2244(d)(2); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("Because the claims raised in the petition to the California Supreme Court were fully exhausted and [the] first round of collateral review was complete when the Court's ruling became final, [Petitioner] is not entitled to tolling . . . before he began a second round of petitions with his filing in Superior Court.").  Additionally, there is no tolling between successive state habeas petitions filed in the same court.  See Carey v.

Saffold, 536 U.S. 214, 221-25 (2002) (explaining that under California's "original writ" system, habeas petitions are "pending" for purposes of AEDPA during reasonable time periods between when a lower state court renders its habeas decision and when the petitioner files a habeas petition in a higher state court); Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (ruling that AEDPA's limitations period was not tolled between successive petitions in the same court).

Here, the one-year AEDPA statute of limitations began to run on December 10, 2008, when Petitioner's time to file a petition for review with the U.S. Supreme Court expired. Petitioner first filed a habeas petition in the San Diego County Superior Court 308 days later. (Lodgment No. 10) On that date, October 14, 2009, the AEDPA limitations period began to toll with fifty-seven days of the limitations period remaining. The period continued to toll through December 21, 2009, when the court denied habeas relief. (Lodgment No. 11.) If Petitioner had timely petitioned the California Court of Appeal, the limitations period would have continued to toll. See Biggs, 339 F.3d at 1048. Instead, Petitioner again sought habeas relief in the San Diego County Superior Court ninety-four days later on March 25, 2010. (Lodgment No. 12.) The limitations period is not tolled between these successive petitions in the Superior Court. See Carey, 536 U.S. at 221-25; Dils, 260 F.3d at 986. Petitioner's time to file a federal habeas petition therefore expired.

Even if AEDPA tolled the period between the two successive petitions in the Superior Court, Petitioner did not timely file his January 16, 2011 habeas petition with the California Supreme Court. As applied in California, AEDPA does not toll the limitations period during unreasonably long periods between habeas petitions. See Evans v. Chavis, 546 U.S. 189, 197 (2006); Carey, 536 U.S. at 221. There is no bright line separating reasonable and unreasonable delays, but past decisions provide some guidance—interpreting California law, federal courts have ruled six-month, seventy-one-day, ninety-seven-day, eighty-five-day, and eight-three-day delays to be unreasonable. See Evans, 546 U.S. at 192-93 (unjustified six-month delay unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (unjustified six-month delay unreasonable);Smith v. Small, No. 10cv2429 LAB (CAB), 2011 WL 5513230, *3 (S.D.

Cal. June 2, 2011) (eighty-five-day delay unreasonable); <u>Baptista v.Clark</u>, No. C 09-CV-4382, 2010 WL 3893090, *4 (N.D. Cal. Sept. 30, 2010) (eighty-three-day delay unreasonable); <u>Culver v. Dir. of Corr.</u>, 450 F. Supp. 2d 1135, 1140 (C.D. Cal. 2006) (seventy-one-day and ninety-seven-day delays unreasonable).

Petitioner's unexplained 157-day delay (approximately five-month delay) in filing his January 16, 2011 petition is unreasonable. Petitioner's five-month delay is significantly longer than the unreasonable delays in <u>Culver</u>, <u>Smith</u>, and <u>Baptista</u>, and the delay is only slightly shorter than the unreasonable delays in <u>Evans</u> and <u>Chaffer</u>. Thus, Petitioner's delay was unreasonable, and AEDPA does not toll the limitations period during unreasonable delays. <u>Evans</u>, 546 U.S. at 197; <u>Carey</u>, 536 U.S. at 221. Therefore, even if AEDPA tolled the period between the two successive petitions in the Superior Court, the Petitioner's limitations period expired more than one hundred days before he filed his January 16, 2011 petition. Petitioner's federal habeas petition is thus untimely under the AEDPA statutory scheme. Accordingly, unless Petitioner establishes that he is entitled to equitable tolling, his petition is untimely.

### C. Equitable Tolling

Petitioner is not entitled to equitable tolling because he has not alleged facts supporting its application. (<u>See</u> Doc. No. 1.) Equitable tolling applies to AEDPA's statute of limitations when the prisoner's delay in filing is due to "extraordinary circumstances beyond a prisoner's control." <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010). "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). Under AEDPA, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). As a result, when assessing a habeas petitioner's argument in favor of equitable tolling, courts must conduct a "highly fact-dependent" inquiry. <u>Whalem/Hunt v. Early</u>, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc); <u>accord</u> <u>Lott v. Mueller</u>, 304 F.3d 918, 923 (9th Cir. 2002).

///

Petitioner argues in his opposition to the magistrate judge's report and recommendation that he is entitled to equitable tolling for the period between his successive habeas petitions filed in San Diego Superior Court from December 21, 2009 to March 25, 2010. (Doc. No. 23.) Petitioner's equitable tolling claim cites his request for DNA testing, filed on October 15, 2009, that Petitioner's public defender counsel withdrew on July 16, 2010 in a written submission fully explaining the rationale for not pursuing the testing. (Doc. Nos. 7-2 at 48; 23.)

Even if equitable tolling were to apply to this time period, Petitioner has not shown that extraordinary circumstances prevented him from timely seeking federal habeas relief after the California Court of Appeal denied his habeas petition on July 16, 2010. The time between his petitions in state court and the unreasonably long periods between habeas petitions do not toll the limitations period under the AEDPA statutory scheme. See Carey, 536 U.S. at 221-25; Dils, 260 F.3d at 986. If this Court nonetheless granted equitable relief to Petitioner absent additional facts, it would improperly create an "exception[ that] swallow[s] the rule." Miranda, 292 F.3d at 1066.

In denying Petitioner's habeas petition, the San Diego Superior Court reasoned:

> The general rule is that habeas corpus cannot serve as a substitute for an appeal and that matters that "could have been, but were not, raised on a timely appeal from a judgment of conviction" are not cognizable on habeas corpus in the absence of special circumstances warranting departure from that rule.
> Petitioner failed to raise [failure to conduct DNA testing]] on appeal and has failed to set forth any reasons why this court should excuse his omission.

(Doc. No. 1 at 153.) The Superior Court carefully considered Petitioner's DNA-testing claim and concluded that Petitioner failed to raise a claim that could be properly resolved in a habeas petition. (See id.) Accordingly, the Court concludes that Petitioner failed to present his DNA argument on appeal. Therefore, his arguments that he should be entitled to equitable tolling because of the DNA testing do not present extraordinary circumstances justifying equitable tolling.[1]

---

[1] The Court has given careful consideration as to whether equitable tolling should be applied in this circumstance. Nevertheless, the Court has not found a case supporting application of equitable tolling to requests for DNA testing under California Penal Code section 1405. Contra Burton v. Runnels, No. CIV S-02-

Moreover, a Petitioner's status as an inmate, his possible lack of legal knowledge, and his lack of legal assistance do not excuse his untimely filing. See Johnson v. United States, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (explaining that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). Petitioner's contentions do not suggest that extraordinary circumstance prevented timely filing. (See Doc. No. 23.) Rather, Petitioner seeks leniency for his excessive delay based on his absence of legal knowledge. See Lawrence, 549 U.S. at 336; Johnson v. United States, 544 U.S. at 311. In accordance with Johnson v. United States, this is an insufficient ground on which to base equitable tolling. Johnson, 544 U.S. at 311. The Court concludes that Petitioner did not present extraordinary circumstances justifying the application of equitable tolling. Accordingly, the Court declines to equitably toll the limitations period for Petitioner's federal habeas claims. Therefore, Petitioner untimely filed his federal habeas claims.

## Conclusion

Petitioner's petition for writ of habeas corpus was filed more than one year after the statutorily tolled period and is therefore barred by the statute of limitations. In addition, Petitioner is not entitled to equitable tolling. Accordingly, the Court grants Respondent's motion to dismiss and dismisses Petitioner's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: May 14, 2012

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

0675 LKK PAN (JFM) P, 2006 WL 1062097 (E.D. Cal. Apr. 21, 2006) (determining that petitioner's filing of a motion for DNA testing under California Penal Code section 1405 did not toll the statute of limitations and finding no basis for equitable tolling).